

*James F. Schneider*
**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT'
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| JACOB FRAIDIN, | * | Case No. 92-52338-JS |
| Debtor | * | Chapter 7 |
| * * * * * * * | * * * * * * | |
| MICHAEL G. RINN, Chapter 7 Trustee, | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. 06-1795-JS |
| JACOB FRAIDIN, | * | |
| Defendant | * | |
| * * * * * * * | * * * * * * | |

### *CORRECTED MEMORANDUM OPINION GRANTING TRUSTEE'S APPLICATION FOR ATTORNEY'S FEES AND OVERRULING THE OBJECTION OF THE DEBTOR THERETO*

1

The matter before the Court is the application for counsel fees filed by counsel to the Chapter 7 trustee and the debtor's objection. For the reasons stated, the objection will be overruled and the application will be granted.

## FINDINGS OF FACT

1. On November 23, 2005, the debtor, Jacob Fraidin (the "debtor"), was granted a Chapter 7 discharge in this case.

2. On November 18, 2006, the trustee, Michael G. Rinn, filed the instant complaint to revoke the discharge based upon the debtor's continued refusal to comply with the trustee's requests for information and to turnover property of the estate. The complaint recited the following tortured history of the debtor's bankruptcy case, which is the oldest one now pending in this Court:

A. On August 9, 1991, the debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Columbia, which was transferred to this Court by order [Teel, J.], dated March 17, 1992.

B. On December 29, 1993, this Court ordered the appointment of a Chapter 11 trustee by order [P. 217].[1]

---

[1]In an unreported opinion in the case of *Fraidin v. Weitzman (In re Fraidin),* 1994 WL 687306, decided December 9, 1994, the Fourth Circuit Court of Appeals made the following statements in upholding this Court's appointment of a Chapter 11 trustee:

After Fraidin filed for protection under Chapter 11 of the Bankruptcy Code, two creditors with outstanding judgments against Fraidin moved for the appointment of a trustee.  At the conclusion of a two-day hearing, the bankruptcy court stated that it was appointing a trustee because it had "absolutely no confidence in the debtor in terms of his capacity to honestly administer his own Chapter 11 bankruptcy."

The bankruptcy court based its decision on what it called "a multitude of factors," one of which was pre-petition dishonesty.  Fraidin is a convicted felon, having been found guilty of theft while acting as a foreclosure trustee.  *See Fraidin v. State,* 85 Md. App. 231, 583 A.2d 1065, *cert. denied,* 322 Md. 614, 589 A.2d 57 (1991).  [Footnote: The Maryland Court of Special Appeals wrote: "The permissible picture emerges of Fraidin as an extremely clever manipulator of complicated commercial transactions who . . . at least had avarice in his heart.  To feed that avarice, he created at-times labyrinthine confusion.  He then sought to exploit that confusion to his own advantage."  *Fraidin,* 583 A.2d at 1081.]  More recently, Fraidin was found liable in a civil action for tortious interference with contract and civil conspiracy and was ordered to pay $1.5 million in punitive damages.  Also, the bankruptcy judge found that Fraidin had used aliases as late as 1986, but did not disclose those names as required on the bankruptcy petition.  Moreover, the bankruptcy court found that Fraidin had no credibility, given his "evasive, self-serving, unclear, and obviously not forthcoming" testimony during the hearing. . .

The decision of whether a debtor's conduct justifies the appointment of a trustee is a matter committed to the discretion of the lower courts.  *See Committee of Dalkon Shield Claimants v. A.H. Robins Co.,* 828 F.2d 239, 242 (4th Cir. 1987).  Here, the decision was made in the first instance by the bankruptcy court and affirmed by the district court.  This court, as a second court of review, considers the decision of the bankruptcy court under the same standards that apply to the district court.  *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 84 (3d Cir. 1988).  Thus, the question here is not whether this court would have appointed a trustee had it been deciding the question in the first instance, but whether the bankruptcy court abused its discretion in appointing a trustee.  Findings of fact by the

C.  After the appointment of a Chapter 11 trustee, the case was converted on April 11, 1995 to a proceeding under Chapter 7.[2]  Michael G. Rinn, Esquire was appointed Chapter 7 trustee (the "trustee").

---

bankruptcy court are reviewable by this court only for clear error and legal questions are subject to de novo review.  *Canal Corp. v. Finnman (In re Johnson),* 960 F.2d 396, 399 (4th Cir.1992); Bankr. R. 8013. . . .

We conclude that the findings of the bankruptcy court – that Fraidin had engaged in a prolonged pattern of dishonest conduct and had no credibility at the hearing – are supported by the record.  Section 1104(a)(1) expressly provides that dishonesty, whether before or after the filing of the bankruptcy petition, justifies the appointment of a trustee.  The bankruptcy court considered Fraidin's evidence of his proper conduct regarding his bankruptcy case, but nonetheless found that his pattern of dishonesty justified the appointment of a trustee. We find no abuse of discretion and accordingly affirm the order of the district court.

*Id.*

[2]The Fourth Circuit affirmed the conversion to Chapter 7 in an unreported opinion styled *Fraidin v. Weitzman (In re Fraidin)*, 1997 WL 153826, decided April 3, 1997, in which it stated:

In order to convert a case from Chapter 11 to Chapter 7, a bankruptcy court must first determine that there is cause for the conversion.  11 U.S..C. § 1112(b); *In re Superior Siding & Window, Inc.,* 14 F.3d 240, 242-43 (4th Cir. 1994). . .

The bankruptcy court relied upon Fraidin's inability to effectuate a plan as its basis for ordering conversion, and the record substantiates that finding. the trustee explained at length that Fraidin would not be able to obtain confirmation of a reorganization plan.  Indeed, Fraidin has never submitted a plan for approval.  The bankruptcy court did not abuse its discretion in converting the case to a Chapter 7 proceeding.

D.  On April 9, 1997, the trustee filed a complaint in Adversary Proceeding No. 97-5223-JS against the debtor to avoid and recover fraudulent transfers, postpetition transfers and the turnover of property of the estate.

E.  On July 21, 1998, the Court ordered that the trustee had 90 days to conduct discovery of the debtor, but the debtor refused to comply with the trustee's discovery requests.

F.  On September 9, 1998, the trustee filed a motion to compel discovery and to deem facts admitted by the debtor.  The debtor failed to respond to the motion.

G.  On November 16, 1998, the trustee filed a second motion to compel discovery.

H.  On April 29, 1999, after conducting a hearing on the motions, this Court [Keir, J.] granted both motions to compel discovery.

I.  The debtor disobeyed the Court's order and refused to comply with the trustee's requests for discovery.

J.  On May 14, 1999, the trustee filed a third motion to compel discovery, which the debtor ignored.

K.  On May 26, 1999, the trustee filed a fourth motion to compel discovery. The debtor continued to refuse the trustee's requests for discovery.   During a

_____

*Id.*, at 2.

deposition of the debtor by the trustee, the Court conducted a telephonic hearing, overruled the debtor's objections and ordered him to desist in refusing to answer questions, but again, the debtor refused.

L.  On June 14, 1999, the Court issued an order that directed the debtor to file written answers within 20 days to questions posed at the deposition which he had refused to answer, upon the threat of having a judgment entered against him by default.

M.  The debtor did not comply with the order by continuing to refuse to answer questions and by failing to attend scheduled depositions.

N.  On January 8, 2001, the Court entered an order granting a default judgment against the debtor.

O.  On March 14, 2001, the Court conducted a hearing on the trustee's request for damages and determined that the debtor was liable to the trustee for damages in the amount of $1,659,077, plus attorneys' fees and costs in the amount of $4,179, plus interest.  On April 4, 2001, judgment was entered against the debtor.[3]

---

[3]The Fourth Circuit reversed the order because it held that the notice that scheduled the hearing, denominated "ex parte hearing on damages," deprived the debtor the opportunity to contest the trustee's calculations.  *See Fraidin v. Rinn (In re Fraidin)*, 34 Fed. Appx. 932, 2002 WL 1025092, decided May 22, 2002.  On remand, a second hearing was held on January 13-14, 2003, at which the debtor participated fully.  The second hearing produced the same result and a second

3.  Before the debtor filed the instant bankruptcy case, Andre Weitzman and Sheldon Braiterman obtained judgments against him and his various corporations in amounts exceeding $3 million, in the Circuit Court for Baltimore City on January 30, 1991.  The amount of the judgments was reversed on appeal by the Court of Special Appeals of Maryland.  *See Fraidin v. Weitzman*, 93 Md. App. 168, 611 A.2d 1046 (1992).  On remand, the Circuit Court entered reduced judgments against the debtor in favor of Weitzman and Braiterman in the respective amounts of $1,250,000 and $250,000.  By order [P. 25] entered on September 16, 1996, this Court determined the judgments to be nondischargeable. *Weitzman v. Fraidin*, Adv. Proc. No. 95-5335.  The trustee settled the claims of Weitzman and Braiterman against the bankruptcy estate in exchange for a $20,000 payment by him, while recognizing their right to proceed directly against the debtor outside of bankruptcy to satisfy their claims.  This Court approved the settlement and the district court [Nickerson, J.] affirmed.

4.   During the course of the instant adversary proceeding, the debtor continued to refuse to comply with the trustee's reasonable requests for discovery.

5. On September 20, 2007, at a deposition of the debtor conducted by counsel for the trustee that lasted three-and-one-half hours, the debtor objected and

---

judgment identical in amount to the first was entered against the debtor on September 30, 2003.

refused to answer questions.  In addition, he brought no documents with him in violation of the trustee's *subpoena duces tecum* and request for production of documents.  See Transcript of deposition, Exhibit to trustee's first motion to compel discovery [P. 24] filed on September 21, 2007.

6.  As a result, by order [P. 36] entered on November 13, 2007, this Court granted the trustee's motion to compel discovery.  The order required the debtor to respond to the trustee's discovery requests or risk having the complaint to revoke his discharge being granted by default.  The order reserved the issue of sanctions against the debtor involving the payment of the trustee's counsel fees, pending the debtor's compliance with the order.  Order Granting Motion To Compel Discovery and for Sanctions.

7.  On November 30, 2007, the trustee filed a second motion to compel discovery [P. 40] and requested sanctions in the form of reimbursement by the debtor of fees and expenses.

8.  On December 18, 2007, the debtor filed an opposition [P. 45] to the trustee's second motion for discovery and the request for reimbursement of counsel fees and costs.

9.  By order [P. 46] entered on December 20, 2007, this Court granted the trustee's second motion to compel discovery, revoked the debtor's discharge and imposed sanctions upon him for his failure to comply with the trustee's requests

for discovery.  The order required the trustee to submit a statement of fees and costs for the purpose of establishing a basis for the Court to award sanctions against the debtor.  Order Granting Second Motion to Compel Discovery and for Sanctions.

10.  On January 9, 2008, the trustee filed a statement of fees and costs [P. 51].  The statement indicated that the trustee's counsel had expended effort resulting in fees in the amount of $7,696.50, and claimed expenses of $1,427.49, representing requested compensation in the total amount of $9,123.99, to be paid from non-estate assets.  Statement of Fees and Costs Pursuant to Order Granting Second Motion to Compel Discovery and For Sanctions and Request for Entry of Order.  Attached as an exhibit was the following statement containing a record of counsel's time entries:

| Date | Timekeeper | Status | Dollars | Hours | Rate | Description |
|------|-----------|--------|---------|-------|------|-------------|
| 9/21/07 | Sweeney | Billed | $586.50 | 1.7 | $345.00 | Draft Motion to Compel. |
| 10/9/07 | Sweeney | Billed | $207.00 | .6 | $345.00 | Telephone with Trustee; review Response of Fraidin on Motion to Compel. |
| 10/10/07 | Sweeney | Billed | $69.00 | .2 | $345.00 | Review Pleadings for Exhibits and Detail on Opposition. |
| 11/2/07 | Sweeney | Billed | $379.50 | 1.10 | $345.00 | Preparation for hearing on motion to compel. |
| 11/5/07 | Sweeney | Billed | $966.00 | 2.80 | $345.00 | Preparation for hearing (.9 hours) ; confer with Mr. Fraidin (.2 hours); attend hearing; confer with Mr. Fraidin asking for November 15, 2007 deposition (1.1 hour) and draft order (.6). |
| 11/6/07 | Sweeney | Billed | $310.50 | .90 | $345.00 | Prepare order and objection. |
| 11/8/07 | Sweeney | Billed | $138.00 | .40 | $345.00 | Finalize proposed order. |

| 11/9/07 | LeVie | Billed | $42.00 | .30 | $140.00 | Revise and upload order to compel; telephone call to chambers re same. |
|---------|-------|--------|--------|-----|---------|------|
| 11/13/07 | Sweeney | Billed | $276.00 | .80 | $345.00 | Letter to Fraidin and review of orders issued by Court. |
| 11/19/07 | Sweeney | Billed | $1,104.00 | 3.20 | $345.00 | Preparation for deposition. |
| 11/20/07 | Sweeney | Billed | $2,277.00 | 6.60 | $345.00 | Prepare for deposition (1.7); conduct deposition (4.5). Conference with Mr. Rinn regarding Fraidin's non-cooperation (.4). |
| 11/28/07 | Sweeney | Billed | $276.00 | .80 | $345.00 | Return call to Fraidin; revisions to motion to compel. |
| 11/29/07 | Sweeney | Billed | $103.50 | .30 | $345.00 | Revise motion. |
| 11/30/07 | LeVie | Billed | $42.00 | .30 | $140.00 | E-file motion to compel. |
| | | | **$6,777.00** | **20.00** | | |
| 11/30/07 | Sweeney | Work-in-Process | $448.50 | 1.30 | $345.00 | Finalize motion to compel (1.1); telephone call with trustee regarding same (.2). |
| 12/4/07 | LeVie | Work-in-Process | $98.00 | .70 | $140.00 | Telephone call with clerk re deficiency (.10); telephone call with clerk (.10). Revise motion to compel and draft order (.30); E-file order and certificate of service (.20). |
| 12/6/07 | LeVie | Work-in-Process | $28.00 | .20 | $140.00 | Prepare line with exhibits, file and arrange for service. |
| 12/6/07 | Sweeney | Work-in-Process | $345.00 | 1.00 | $345.00 | Draft and revise supplemental filing. |
| | | | **$919.50** | **3.20** | | |
| | | | **$7,696.50** | **23.20** | | |

Exhibit A to the Trustee's Statement.

11.  In the meantime, on December 31, 2007, the debtor filed a notice of appeal [P. 48] of the order [P. 46] entered on December 20, 2007, that revoked his discharge.   12.  On January 18, 2008, the debtor filed an objection [P. 53] to the request for attorneys' fees And costs.  The grounds for the objection are as follows:

A.   An appeal of this Court's order granting the revocation of the debtor's discharge is now pending.

B.   Other appeals by the debtor are pending regarding orders granting compensation to trustee's counsel.

C.   The conduct of the trustee's counsel during the depositions of the debtor was "clearly inappropriate, abhorrent and violated the Debtor/Fraidin's constitutional and civil rights."  Objection, ¶ 3 [P. 53].

D.   The trustee's counsel violated Local Bankruptcy Rules and Federal Rules governing proper discover procedures and guidelines.

E.   The trustee's counsel "attempted on numerous occasions to coerce and intimidate defendant/Fraidin into disclosing to him the contents and legal strategies of the **Attorney Grievance Commission Complaint** and impending **Civil Lawsuits** being filed against himself and his client Michael G. Rinn, Esq." Objection. ¶ 5 [P. 53].

F.   "Mr. Sweeney insisted that defendant/Fraidin disclose to him his trial strategies in a pending appeal."  Objection, ¶ 6 [P. 53].

G.   Trustee's counsel filed the instant suit against the debtor without the knowledge of the trustee.

H.   The debtor claimed that he answered all questions put to him by the trustee's counsel to the best of his ability, but that he was badgered by the trustee.

I.  The debtor was unable to recall events from 17 years ago.

J.   The debtor asserted that the trustee's counsel "will shortly no longer be associated with [his current law firm] and any funds paid to him directly would not be readily recoverable."  Objection, ¶ 12 [P. 53].

K.   "Mr. Sweeney should not be granted any monetary awards until such time as Appellate Review has been exhausted, the U.S. Trustee's Office has completed its investigation and published its findings and defendant/Fraidin has been granted a full evidentiary hearing at which he could <u>preserve a record for appellate review.</u>"  Objection, ¶ 13 [P. 53].

13.  On March 10, 2008, a hearing went forward on the debtor's objection, despite his having filed a motion for continuance [P. 61] on March 4, 2008, which the Court denied by order [P. 64] entered on March 7, 2008.  Among the reasons given by the debtor to continue the hearing was to "grant the parties a reasonable period of time to resolve the controversy."  Motion for continuance [P. 61].

14.  The matter was held *sub curia* to permit the Court to consider fully the debtor's allegations contained in his objection and to permit a complete review of the record.

12

*CONCLUSIONS OF LAW*

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(F).  Venue is appropriate pursuant to 28 U.S.C § 1409.

2.  The Court has reviewed the trustee's request for compensation from the debtor and has determined that the amounts requested are fair and reasonable.  In light of the debtor's obnoxious, oppressive and obstructive behavior throughout the course of the administration of this case, a fee twice as large as this would be well within reason.  To their great credit, the trustee and trustee's counsel have not sought a greater amount.

3.  A review of the debtor's allegations contained in his objection are without merit.  Contrary to his complaints against the trustee and trustee's counsel, the Court finds that they have performed their duties in accordance with the applicable requirements of the Federal Rules, the Bankruptcy Rules and the Bankruptcy Code.  The Court finds all of the allegations of the debtor to be false and to have been made in order to prevent the trustee from performing his statutory duties.

4.  It ill behooves this debtor to complain about the time and expense to which the trustee has been put in this case when it was the consistently obstructive conduct of the debtor that caused the long delays in the administration of this case

to a conclusion with the attendant costs.  The debtor has unclean hands in opposing the application to compensate the trustee's counsel.  *Cf. In re LBH Associates Limited Partnership*, 109 B.R. 157, 158 (Bankr. D. Md. 1989) (creditor whose conduct materially increased fees of debtor's counsel was estopped from objecting to the size of the fee and held not to have clean hands.).

5.   The determination by this Court to grant the requested compensation to trustee's counsel will facilitate the pending appeal by the debtor of the order revoking his discharge by bringing before the district court a more efficient consolidation of all of the issues raised by the debtor at one time.

6.   The debtor has been afforded every opportunity by this Court to cooperate with the trustee in order to preserve his right to a bankruptcy discharge. He has chosen instead to continue to hinder and delay the orderly administration of this estate to the extreme prejudice of his creditors and the bankruptcy system.  His refusal to cooperate with the trustee's reasonable requests for discovery has already resulting in the revocation of the discharge in bankruptcy, pursuant to Federal Rule 37.[4]  This Court also has the authority under the Rule, in appropriate cases to

---

[4]Federal Rule of Civil Procedure 37, made applicable here by Federal Rule of Bankruptcy Procedure 9037, provides as follows:

**Rule 37.  Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) Appropriate Court.  A motion for an order to a party must be made in the court where the action is pending.  A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) Specific Motions.

(A) To Compel Disclosure.  If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted--or fails to permit inspection – as requested under Rule 34.

(C) Related to a Deposition.  When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) Evasive or Incomplete Disclosure, Answer, or Response.   For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).  If the motion is granted– or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) If the Motion Is Denied.  If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after

giving an opportunity to be heard, apportion the reasonable expenses for the motion.

(b) Failure to Comply with a Court Order.

(1) Sanctions in the District Where the Deposition Is Taken. If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

(2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent– or a witness designated under Rule 30(b)(6) or 31(a)(4)– fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(2) Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may

move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.  The court must so order unless:

(A) the request was held objectionable under Rule 36(a);

(B) the admission sought was of no substantial importance;

(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D) there was other good reason for the failure to admit.

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

(1) In General.

(A) Motion; Grounds for Sanctions.  The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)– fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) Certification.  A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) Unacceptable Excuse for Failing to Act.  A failure described in Rule 37(d)(1)(A) is not excused on the ground

impose upon the debtor as the non-complying party with the payment of the trustee's reasonable costs of discovery.

WHEREFORE, the request for compensation by counsel to the Chapter 7 trustee in the total amount of $9,123.99 will be GRANTED, and the objection of the debtor thereto will be OVERRULED. The debtor shall tender payment of said amount directly to the trustee from his personal, non-estate assets within ten (10)

---

that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(e) Failure to Provide Electronically Stored Information. Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

(f) Failure to Participate in Framing a Discovery Plan. If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Fed. R. Civ. P. 37.

days hereof.  The debtor's failure to comply with this directive will subject him to additional sanction within the discretion of this Court.

   ***ORDER ACCORDINGLY.***

cc: Michael G. Rinn, Esquire
  111 Warren Road, Suite 4
  Cockeysville, MD 21030
  Chapter 7 Trustee

  Paul Michael Sweeney, Esquire
`  Linowes & Blocher LLP
  7200 Wisconsin Ave
  Suite 800
  Bethesda, Maryland  20814-4842

  Jacob Fraidin
  3406 Fielding Road
  Pikesville, Maryland  21208

  Office of the United States Trustee
  2625 U.S. Courthouse
  101 W. Lombard Street
  Baltimore, Maryland 21201